# HARTMANN *v.* MASTERS.

---

APPEAL AND ERROR; MANDATE; DECREE.

1. Where a decree entered by the lower court on the mandate of this court does not conform to the mandate, an appeal lies from the decree as entered by the party whose interests are affected. (Following *Prall* v. *Stafford,* 42 App. D. C. 383.)

2. The mandate of this court in *Masters* v. *Hartmann,* 45 App. D. C. 253, which required the appellants to make full restitution of all of the assets of the Royal Insurance Company, to be conserved and used for the benefit of the policy holders of the Royal Insurance Company and the Modern Workmen of the World; to deliver to the receiver therein all of the assets of the Royal Insurance Company derived from the Modern Workmen of the World, as shown in the auditor's report, and in event of the conversion by the appellants into money of any of such assets, to account for the same; and also to surrender the books of the Royal Insurance Company, with a reservation of authority in the court below to make such other orders as might be necessary to carry out the object of the decree of this

court,—was *held* not to be conformed to by a decree of the lower
court which, after appointing a receiver and ordering a restitution
of the property of the Royal Insurance Company, referred the cause
to the auditor for an accounting with the appellants; and a form of
decree to be entered, submitted by the appellees on this appeal, ex-
cept so much of it as named a receiver, was approved.

No. 3001.   Submitted February 9, 1917.   Decided April 2, 1917.

HEARING on an appeal by the plaintiffs from a decree of the
Supreme Court of the District of Columbia entered on a man-
date of this court on a former appeal.                    *Reversed.*

The facts are stated in the opinion.

*Mr. W. Gwynn Gardiner* for the appellants.

*Mr. D. W. Baker* and *Mr. W. J. Lambert* for the appellees.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This appeal is from a decree of the supreme court of the Dis-
trict of Columbia entered upon the mandate of this court in a
former appeal. *Masters* v. *Hartmann,* 45 App. D. C. 253.
It is urged by appellants, Charles A. Hartmann, Bion H. Co-
hill, and Frank T. Evans, that the decree entered is not in con-
formity with the mandate of this court. The case is properly
here by appeal. *Prall* v. *Stafford,* 42 App. D. C. 383. The
court, after appointing a receiver and ordering a restitution of
the property of the Royal Insurance Company, referred the
cause to the auditor for an accounting with Samuel J. Masters
and John B. Kinnear. This was not in conformity with the
opinion and judgment of this court. We directed a full resti-
tution by Masters and Kinnear of "the assets of the Royal In-
surance Company, including those received from the Modern
Workmen of the World, * * * to be conserved and used for
the benefit of the policy holders of the Royal Insurance Com-
pany and the Modern Workmen of the World, who have ac-

cepted the liability of the Royal Insurance Company, and not for that of the stockholders of the Royal Insurance Company." And the judgment directs that Masters and Kinnear be ordered to deliver to the receiver "the assets of the Royal Insurance Company derived from the Modern Workmen of the World, as shown in the auditor's report. In the event any of these assets have been converted into money, they shall be made to account for the money, with interest from the date of its receipt; also to surrender the books and records of the Royal Insurance Company. And the court will enter such other orders as may be necessary to carry out the objects of this decree as are not inconsistent with this opinion."

The reservation of authority in the court to make necessary orders to carry out the objects of the decree is limited to such orders as may be necessary to enforce a complete delivery and accounting by Masters and Kinnear to the receiver. It was thought proper,—and so expressed in the former opinion,—to start with the 1912 report of the auditor as a basis to secure a complete restitution to the receiver, for the purpose, if possible, of reorganization for the benefit of the policy holders. After all property has been restored to the receiver, as well as the proceeds of such property as has been converted into money, with interest thereon, together with the books and records, and, if possible, a reorganization of the company has been accomplished by the receiver, Masters and Kinnear can bring a proper action, if so advised, for any valid claims they may have. But it is not intended that the complete restitution shall be encumbered, as the policy holders who have been deprived of their rights by the unwarranted conduct of Masters and Kinnear are entitled to first consideration and protection in a manner which will admit of the least delay or possibility of dissipation of the assets.

We have examined the form of decree submitted by counsel for appellants, and aside from that part naming the receiver, a matter reserved in the mandate to the discretion of the lower court, we think it would well serve to carry out the mandate of this court. The decree in this instance should be specific in every

detail to avoid technical construction, which may lead to further unnecessary litigation.

The decree is reversed with costs, and the cause remanded, with instructions to proceed to enforce the former mandate in conformity with this opinion.      *Reversed and remanded.*

A motion for a rehearing was denied April 21, 1917.